The **UNITED STATES** of America for the Use of S. J. CASPER CO., Inc., a corporation, Plaintiff,

v.

**Benjamin ZELONKY,** a sole trader d/b/a **Benj. Zelonky Construction Co.** and **The Travelers Indemnity Company,** a corporation, Defendants.

No. 60–C–119.

United States District Court
E. D. Wisconsin.

Oct. 12, 1962.

Robert J. Casper, Milwaukee, Wis., for plaintiff.

Jack E. Keyes, Milwaukee, Wis., for defendant, Benjamin Zelonky, d/b/a Benj. Zelonky Construction Co.

George D. Young and Theodore L. Priebe, Milwaukee, Wis., for defendant, The Travelers Indemnity Company.

GRUBB, District Judge.

This is an action to recover upon a contract between S. J. Casper Co., Inc., and Benjamin Zelonky, a sole trader doing business as Benj. Zelonky Construction Co.

In June 1958, defendant Zelonky entered into a contract with the United States through the General Services Administration, whereby Zelonky agreed to perform certain remodeling work and alterations in the cafeteria of the United States Post Office Building at Milwaukee, Wisconsin.

On February 16, 1959, plaintiff, S. J. Casper Co., Inc., offered to furnish and install certain cafeteria equipment for this remodeling project, which offer contained a detailed list of items of equipment to be furnished together with a drawing indicating how and where the equipment would be installed. The total price was stated as $5,932.

By a purchase order dated February 16, 1959, defendant Zelonky accepted the offer of plaintiff at the price of $5,932. Plaintiff, as subcontractor, then furnished and installed the equipment according to its contract with Zelonky, with one exception to be noted below.

In the instant action plaintiff alleges that it had completed its contract on or about July 31, 1959, and made demand for payment from defendant Zelonky, but defendant Zelonky has refused to make payment under the contract. Defendant Zelonky admits that a contract was made with plaintiff for the installation of certain cafeteria equipment, but alleges that plaintiff had agreed as a part of such contract to prepare and install the equipment in accordance with the plans and specifications prepared by the United States, which plans and specifications were not complied with by plaintiff.

Defendant Zelonky further alleges that the United States has refused to pay defendant Zelonky under the prime contract because of plaintiff's failure to meet the government's plans and specifications. It is claimed by Zelonky that any adjustments to be made on the prime contract will be solely caused by plaintiff's failure to comply with the government plans and specifications, and that plaintiff's action is prematurely brought because there has as yet been no final settlement of the prime contract.

The defendant, The Travelers Indemnity Company (hereinafter referred to as "Travelers"), has issued a "payment bond" to the United States as required by 40 U.S.C.A. § 270a(a) (2), with Zelonky

named as principal and Travelers as surety. This bond is for the protection of all persons supplying labor and material in the prosecution of the prime contract. Travelers alleges substantially the same facts as defendant Zelonky and has filed a cross-complaint against defendant Zelonky for indemnification of any amount which Travelers may be required to pay plaintiff pursuant to the payment bond, plus its costs and attorney's fees.

This court has jurisdiction of this action under the Miller Act, 40 U.S.C.A. §§ 270a–270e.

The court finds no substantial evidence to sustain defendant Zelonky's contention that plaintiff had agreed to perform its subcontract in accordance with the plans and specifications prepared by the United States. The complete agreement between plaintiff and defendant Zelonky is embodied in Exhibits 1, 2, and 3 which are plaintiff's detailed proposal to furnish certain equipment at a specific price, dated February 16, 1959, together with plaintiff's proposed plans for the installation of this equipment, and defendant Zelonky's acceptance of that offer. The acceptance was in the form of a purchase order (Exhibit 3) dated February 16, 1959, which refers to the specific equipment "as described in letter of 2/16/59, and as shown on Print No. 5922, * * " (Exhibits 1 and 2, respectively) and states the price as $5,932. In none of these documents, which comprise the entire contract, is there any mention of the government's plans and specifications. The only evidence offered by the defendant Zelonky as to this point is the testimony of defendant Zelonky himself who stated that at the meeting when the contract was signed, he told plaintiff's agent, a Mr. Lee, that the equipment furnished must meet the government's specifications, and that Lee said that it would. Zelonky also stated that he had employed Donald Vandercook to handle all the negotiations with plaintiff, and Zelonky had nothing to do with the negotiations until the date the contract was actually agreed upon. Zelonky further stated that Van-

dercook had furnished Lee, plaintiff's agent, with a copy of the government specifications and that it was agreed by all parties present at the contract signing —Zelonky, Vandercook, and Lee—that the plaintiff's proposal would comply with these specifications.

■ Zelonky's testimony cannot be given any credence in this action because it is not only hearsay but also is an attempt to vary by parol evidence the terms of a clear, unambiguous, and complete contract. The parol evidence rule prohibits such testimony.

Plaintiff amended its complaint to reduce the amount of its alleged damages from $5,932 to $5,442.70, the difference of $489.30 being a credit which plaintiff offered defendant Zelonky because of plaintiff's admitted failure to provide stainless steel front panels for the cafeteria counter. Plaintiff concedes that it mistakenly provided front panels of enameled steel, contrary to the specifications contained in Exhibit 2. This credit of $489.30 was based upon an estimated cost determined by plaintiff's employee, Gregory J. Miller, from catalog prices of plaintiff's suppliers. This credit memorandum was sent to defendant Zelonky on October 21, 1959, together with a letter from Robert J. Casper which stated that the cost of substituting stainless steel front panels for enameled panels would be $489.30, and the cost of substituting stainless steel undershelves for enameled undershelves would be $792.70, or a total of $1,282. The letter acknowledges the responsibility of S. J. Casper Co., Inc., for the front panels only.

There is evidence that plaintiff had submitted an estimated cost on these two items of $2,068 to an official of the General Services Administration of the United States, but this figure was not broken down as between front panels and undershelving. Plaintiff concedes that different estimates were given to Zelonky and to the General Services Administration on these two items, and that if the court finds that the higher figure of $2,068 is the correct estimate to be

used in calculating the credit to be allowed to Zelonky, then five-thirteenths of $2,068, or $795.38, is the proper amount to be allocated to the stainless steel front panels for which plaintiff was responsible.

The court finds that $795.38 (i. e., five-thirteenths of $2,068) should be the amount of credit to be allowed defendant Zelonky for the reason that $2,068 is the amount which plaintiff itself advised the government as being the cost of rectifying all the alleged defects and omissions on the prime contract.

The court finds that plaintiff was not bound by the plans and specifications on the prime contract between the United States and defendant Zelonky.

■ With regard to defendants' claim that plaintiff's action is premature, it follows that since plaintiff was not bound by the plans and specifications of the prime contract, this action is not premature. Section 270b, 40 U.S.C.A., provides that a subcontractor who has not been paid in full before the expiration of ninety days after the completion of his work may sue on the payment bond for the amount due, but no such suit shall be commenced after the expiration of one year after the date of final settlement of the prime contract. This action was filed on July 18, 1960, more than ninety days after the completion of plaintiff's work, and within the one-year limitation.

Plaintiff in its complaint demands interest upon the amount due from July 31, 1959, to the date of judgment herein. Plaintiff's invoice dated March 31, 1959, shows: "Terms: Net 30 Days," and plaintiff alleges that this period was extended to July 31, 1959, to allow for final adjustments.

■■ The general rule is that in the absence of agreement to the contrary, liquidated damages bear interest, whereas unliquidated damages do not. In order to recover interest there must be a fixed and determinate amount which could have been tendered and interest thereby stopped; the amount of the claim must be known and determined, or readily determinable. Maslow Cooperage Corporation v. Weeks Pickle Company, 270 Wis. 179, 70 N.W.2d 577 (1955).

■ In view of the uncertain amount due to plaintiff because of its failure to supply stainless steel front panels according to the contract, it cannot be held that plaintiff's damages were liquidated as of July 31, 1959, so as to entitle plaintiff to interest.

The clerk is hereby directed to enter judgment in favor of the plaintiff and against the defendants, and each of them, for the sum of $5,136.62 damages, together with costs and disbursements to be taxed by the clerk.

The clerk is further directed to enter judgment in favor of the defendant and cross-complainant, The Travelers Indemnity Company, and against the defendant, Benjamin Zelonky, a sole trader doing business as Benj. Zelonky Construction Co., for the sum of $400, attorney's fees as stipulated by the parties, together with any amount The Travelers Indemnity Company may be compelled to pay the plaintiff under this judgment, together with its costs and disbursements to be taxed by the clerk.

The foregoing incorporates the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.